# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

| | | |
|---|---|---|
| **TINA L. FREEMAN,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 6:05-cv-50 (HL) |
| | : | |
| **JO ANNE B. BARNHART,** | : | |
| **Commissioner of Social Security,** | : | |
| | : | |
| Defendant. | : | |

_____

## ORDER

Before the Court is a "Motion to Proceed on Appeal In Forma Pauperis" (Doc. 20), filed by Plaintiff Tina L. Freeman ("Freeman"), wherein Freeman claims she is entitled to proceed in forma pauperis to appeal the Court's August 21, 2006 Order (Doc. 18) dismissing her case.   For the reasons set forth below, Freeman's Motion is granted.

Federal Rule of Appellate Procedure 24(a)(3) dictates that a party who was permitted to proceed in forma pauperis in a district court action may proceed on appeal in forma pauperis without further authorization unless (A) the district court certifies the appeal is not taken in good faith or finds the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or (B) a statute provides otherwise.   A United States Magistrate Judge previously granted Freeman's Motion to Proceed In Forma Pauperis (Doc. 1) in the underlying action.   Therefore, the Court must

allow Freeman to pursue her appeal in forma pauperis unless it finds one of the aforementioned exceptions apply.

Pursuant to federal law, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3) (2000). In determining whether an appeal is taken in good faith, courts measure good faith by an objective standard. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is in good faith if a reasonable person could find some merit in the claim. Id. An application to appeal in forma pauperis will be denied if the appeal cannot succeed as a matter of law. Id. Here, the Court concludes a reasonable person could find some merit in Freeman's claim, and therefore finds Freeman's appeal is taken in good faith.

Freeman's financial circumstances previously entitled her to pauper status, and the Court is unaware of any other reason why she now would be unentitled to proceed in forma pauperis. The Court is also unaware of any statute that would bar Freeman from proceeding in forma pauperis. Accordingly, Freeman's "Motion to Proceed on Appeal In Forma Pauperis" (Doc. 20) is granted.

SO ORDERED, this the 24th day of October, 2006.


s/   Hugh Lawson
**HUGH LAWSON, JUDGE**

pdl

2